**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REGULO SIERRA,

              Plaintiff - Appellant,

  v.

JANINA M. HOSKINS, Chapter 11
Trustee in Bankruptcy,

              Defendant - Appellee.

No. 12-15047

D.C. No. 3:11-cv-03630-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

    Regulo Sierra appeals pro se from the district court's order affirming the

bankruptcy court's order sustaining the trustee's objections to Sierra's claim and

disallowing the claim in its entirety. We have jurisdiction under 28 U.S.C. § 1291.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Sierra's
request for oral argument is denied.

We review de novo a district court's decision on appeal from a bankruptcy court. *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2009), and we affirm.

The district court properly concluded that Sierra could not assert a secured claim as the property allegedly securing the debt had been abandoned by the bankruptcy trustee. *See* 11 U.S.C. § 506(a) (stating that secured claim is one "secured by a lien on property *in which the estate has an interest*" (emphasis added)); *see also Catalano v. Comm'r.*, 279 F.3d 682, 685 (9th Cir. 2002) ("[Abandonment] is the formal relinquishment of the property at issue from the bankruptcy estate. Upon abandonment, the debtor's interest in the property is restored *nunc pro tunc* as of the filing of the bankruptcy petition."). To the extent Sierra contends that the trustee's abandonment of the property is ineffective because of a lack of notice, this argument is waived. *See Countrywide Home Loans, Inc. v. Hoopai (In re Hoopai)*, 581 F.3d 1090, 1099 n.6 (9th Cir. 2009) (finding an argument waived where appellant did not raise it to the bankruptcy court).

Disallowance of Sierra's unsecured claim based on his alleged disproportionate payment of the property's common expenses was proper because

2

Sierra failed to support the claim. *See In re Heath*, 331 B.R. 424, 437 (9th Cir. B.A.P. 2005) ("If the creditor does not provide information or is unable to support its claim, then that in itself may raise an evidentiary basis to object to the unsupported aspects of the claim . . . thereby coming within Section 502(b)'s grounds to disallow the claim.").

We do not address Sierra's due process, separation of powers, illegal takings, or elder abuse arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[W]e will not consider arguments that are raised for the first time on appeal.").

The trustee's motion to take judicial notice, filed on May 31, 2012, is granted.

**AFFIRMED.**